McCONNELL, J.,
concurring.
Although I am not fully persuaded that Ms. Rothberg’s delay in being able to apply to law schools of her choice with the benefit of an accommodated test score does not constitute irreparable injury, I agree with the majority’s general analysis and especially its reliance on the fact that the case will become moot if the preliminary injunction is affirmed. As a mandatory injunction that grants the plaintiff substantially all the relief she would recover after a full trial on the merits, this type of preliminary injunction is doubly disfavored, and thus should not be granted without a powerful showing regarding the balance of harms and the likelihood of success on the merits. SCFC ILC, Inc. v. Visa USA Inc., 936 F.2d 1096, 1099 (10th Cir.1991). I write separately only to note that the district court hearing on this preliminary injunction was unusually rushed, and that this remand will enable both parties to give more studied attention to the difficult and important question of when the administrator of a nationwide competitive examination can be required to grant accommodations for special needs.
Unlike some ADA accommodations, on account of the competitive nature of the LSAT, it is imperative that standards for accommodations be uniform and fairly administered. That would seem to require that a record be made regarding the LSAC’s criteria for granting accommodations and reasons for denying an accommodation in the particular case. Only if the claimant and her experts can demonstrate either that the LSAC’s criteria are legally deficient under the ADA or that those criteria have been improperly or incorrectly applied to her case, should she prevail. Moreover, assuming Ms. Rothberg establishes that she is entitled to an accommodation, the parties should put on evidence regarding the amount of extra time needed to put her on an equal footing, but not give her an unjustified advantage on a test for which every student would benefit from extra time.